[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
On July 30, 1997, the defendant, Curtis P. Gaines, filed a motion to correct his sentence, such sentence having been previously recorded in the Court of Common Pleas of Clark County as follows:
 "On February 21, 1996, defendant appeared in court with counsel and entered a plea of guilty to the charge of aggravated trafficking in drugs (R.C. Section 2925.03), a felony of the third degree, as set forth in the amended indictment.
 The court afforded defendant and his counsel the opportunity to speak in mitigation. No cause was shown why judgment should not be pronounced and accordingly, It is the judgment and sentence of this court that the defendant be imprisoned in the Ohio State Penitentiary, c/o Orient Correctional Facility, Orient, Ohio for a term of two (2) years, with credit for jail time served of December 21, 1995 until conveyance to the penitentiary system, and he assessed the court costs of this prosecution for which execution is hereby awarded. The defendant is fined the sum of $2,500.00 as a mandatory fine pursuant to R.C. 2925.03(H)(4). Said fine is hereby suspended as defendant was found to be indigent.
 The defendant's drivers license shall be suspended for a term of one (1) year.
 The Clerk is ordered to make a Complete record herein."
On August 13, 1997, the trial court responded to the motion filed by the defendant on July 30, 1997 as follows:
 "The motion of defendant to correct his sentence herein is overruled. The court finds the sentence imposed is correct and defendant's reference to prior sentences which included the Monday program have no reference to the sentence herein imposed."
In the present appeal, from the order so entered, Gaines has set forth three assignments of error, all of which are directed, in one way or another, to prior convictions and sentences, but there is nothing in the present record to support any of the claimed errors. In his brief, Mr. Gaines argues that he was not granted credit against his previous sentences for time spent in jail and in a rehabilitative program, but be that as it may be, this court is nonetheless bound in this appeal by the fundamental principle that the burden rests upon the appellant to exemplify any claimed error.
Accordingly, the judgment will be affirmed.
BROGAN, J., and MILLIGAN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District and Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Stephen Schumaker
Curtis P. Gaines
Hon. Gerald F. Lorig